IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| ALZENIA WALLS and SUMNER COUNTY EDUCATION ASSOCIATION, | ) ) ) | |
| Plaintiffs, | ) ) | No. 3:11-cv-00848 Judge Nixon |
| v. | ) ) | Magistrate Judge Bryant |
| SUMNER COUNTY BOARD OF EDUCATION, | ) ) ) | JURY DEMAND |
| Defendant. | ) ) | |

## ORDER

Pending before the Court is Defendant Sumner County Board of Education's Motion for Summary Judgment as to Plaintiff Sumner County Education Association ("Motion") (Doc. No. 28), filed along with a Statement of Undisputed Facts (Doc No. 28-1) and a Memorandum in Support (Doc. No. 28-2). Plaintiffs Alzenia Walls ("Dr. Walls") and Sumner County Education Association ("SCEA") have filed a Response in Opposition (Doc. No. 31), accompanied by their Response to Defendant's Statement of Undisputed Facts (Doc. No. 32). For the reasons given herein, Defendant's Motion is **DENIED**.

### I. BACKGROUND

The SCEA served as a union representative for teachers in the Sumner County School System ("School System") for a number of years. (Doc. No. 25 at 2.) In January of 2011, Defendant allegedly announced that it would cease negotiating a new collective bargaining agreement with the SCEA. (*Id.*) Defendant thereafter allegedly refused to allow the SCEA the same access to the School System's teachers as it had in the past, which has led to the present

1

dispute between the parties. (*Id.* at 3-6.) As a result, Plaintiffs filed this action on September 7, 2011, bringing a variety of federal and state law claims against Defendant. (*Id.* at 6.)[1]

It is undisputed that the decision to file this lawsuit on behalf of the SCEA was made by the Executive Board of the SCEA, and that the Representative Assembly of the SCEA never took a vote regarding the filing of the lawsuit. (Doc. No. 32 at 2.) It is further undisputed that Article VI of the SCEA Constitution and By-Laws provides that powers not delegated to the Executive Board shall be vested in the Representative Assembly. (*Id.* at 1.)

Defendant filed the pending Motion on February 2, 2012 (Doc. No. 28), along with a Statement of Undisputed Facts (Doc No. 28-1) and a Memorandum in Support (Doc. No. 28-2). On February 22, 2012, Plaintiffs filed a Response (Doc. No. 31), along with a Response to Defendant's Statement of Undisputed Facts (Doc. No. 32).

## II. LEGAL STANDARD

Summary judgment is rendered when "there is no genuine dispute as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party must demonstrate that the non-moving party has failed to establish a necessary element of that party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Summary judgment will be granted if "the evidence is so one-sided that one party must prevail as a matter of law." *Lexington-South Elkhorn Water Dist. v. City of Wilmore*, 93 F.3d 230, 233 (6th Cir. 1996). The movant has the initial burden of informing the district court of the basis of the summary judgment motion and identifying portions of the record which lack a genuine issue of material fact to support the non-movant's case. *See Celotex*, 477 U.S. at 323.

---

[1] A more thorough summary of the factual background is provided in the Court's Order on Plaintiffs' Motion for Preliminary Injunction. (Doc. No. 25 at 1-6.)

2

The non-moving party may not rest solely on the allegations in the complaint, but must delineate specific evidence that shows there is a genuine issue for trial. *See id.* at 324. A "mere possibility" of a factual dispute is not sufficient to withstand a properly supported motion for summary judgment. *Baird v. NHP Mill Creek Apartments*, 94 F. App'x 328, 330-31 (6th Cir. 2004) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). A dispute about a material fact is genuine if a reasonable factfinder could find for the non-moving party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A party asserting or denying that a fact is genuinely disputed may support its position by (1) citing to particular parts of materials in the record, (2) showing that the materials cited by the opposing party do not establish the absence or presence of a genuine dispute, or (3) showing that an adverse party cannot produce admissible evidence to support a fact. Fed. R. Civ. P. 56(c)(1).

All reasonable inferences are to be drawn in favor of the non-moving party and the evidence of the non-movant is to be believed. *Anderson*, 477 U.S. at 255. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge . . . on a motion for summary judgment." *Id.* If the court determines that a reasonable factfinder could not find for the non-moving party, summary judgment must be granted. *See Lexington-South Elkhorn Water Dist.*, 93 F.3d at 233.

### III. ANALYSIS

Defendant moves for summary judgment on the claims brought by the SCEA on the grounds that the proper body within the SCEA did not authorize the filing of this lawsuit. (Doc. No. 28-3 at 2.) More specifically, Defendant asserts that the SCEA's "constitution and bylaws do not explicitly delegate the power to bring suit on behalf of the SCEA to the Executive Board"

3

and provide that powers that are not delegated to the Executive Board, officers, or other SCEA groups are vested in the Representative Assembly. (*Id.*) As such, Defendant takes the position that the Representative Assembly has the power to determine whether a lawsuit shall be filed on behalf of the SCEA. (*Id.*) Because the Executive Board—rather than the Representative Assembly—authorized this suit, Defendant argues that the filing of this lawsuit violates the SCEA's Constitution and By-Laws, and thus the claims brought by the SCEA against it must be dismissed. (*Id.*)

Plaintiffs respond by arguing, first, that the Motion should be denied because the Court should refrain from examining the internal affairs of the SCEA. (Doc. No. 31 at 1.) Plaintiffs assert that the rights contained within the SCEA's Constitution and By-Laws inure only to the SCEA's members, and that Defendant "is neither a party to that agreement nor an intended beneficiary of that agreement." (*Id.* at 2.) Plaintiffs further argue that "Tennessee courts have a long-standing policy of staying out of the internal affairs of a voluntary association" such as the SCEA. (*Id.* at 2-3.) Plaintiffs also contend that "[a]ttacks on the authorization for litigation by a professional employees' organization like the SCEA have become a fairly common defense tactic" in litigation in Tennessee, and point to a recent order from Magistrate Judge Bryant prohibiting "this sort of inquiry into the internal affairs of an organization like the SCEA." (*Id.* at 3 n.2.)

Next, Plaintiffs assert that Defendant has misinterpreted the SCEA's Constitution and By-Laws, and that the document, when properly considered, supports the conclusion that this lawsuit was properly authorized by the SCEA. (*Id.* at 3.) More specifically, while Plaintiffs acknowledge that the Constitution and By-Laws provide that powers not delegated to the Executive Board are vested in the Representative Assembly, Plaintiffs assert that the

4

Constitution and By-Laws do not explicitly delegate the power to authorize litigation to the SCEA's Executive Board. (*Id.* at 3-4.) Further, Plaintiffs contend that the Constitution and By-Laws state that the Executive Board is "responsible for the management of" the SCEA, while the Representative Assembly serves as a "legislative and policy-forming body." (*Id.* at 4.) Plaintiffs argue that the filing of a lawsuit is a management act, and thus is properly left to the Executive Board. (*Id.* at 4-5.) Moreover, Plaintiffs argue that Sixth Circuit case law establishes "that the courts should not substitute their judgment for that of union officials and should not interfere except where the union officials' interpretation is not fair or reasonable." (*Id.* at 5.) Plaintiffs contend that Defendant has asked the Court to do just this, and that the "interjection of [the] added requirement" that the powers of the Executive Board be "explicitly" delegated is improper. (*Id.*) Rather, Plaintiffs assert that the determination "that Executive Board action was sufficient to authorize litigation, based on the Executive Board's responsibility for management," was reasonable and is therefore entitled to deference. (*Id.*)

The Court first turns to the SCEA's Constitution and By-Laws, the text of which serves as the basis of Defendant's argument. Article V of the SCEA's Constitution and By-Laws delineates the Executive Board's powers as follows:

> The Executive Board shall be responsible for the management of the Association, approve all expenditures, carry out policies established by the Representative Assembly, report its transactions, and those of the Assembly to the members, and suggest policies for consideration by the Assembly. The Executive Board, representing the Association, shall be responsible for orderly, efficient, and uniform enforcement of the negotiated contract for the bargaining unit.

(Doc. No. 14-1 at 10.) Meanwhile, the Representative Assembly is described as being the "legislative and policy-forming body" of the SCEA. (*Id.* at 5.) Its powers are summarized in the following manner:

5

> The Representative Assembly shall approve the budget, set the dues for the Association, act on reports of committees, approve resolutions and other policy statements, and adopt procedures for implementing the Code of Ethics of the Education Profession and those to be followed in censuring, suspending, and expelling members for cause or for reinstating members. It may adopt such rules governing employment of staff, the conduct of the Association, and the conduct of meetings as are consistent with this Constitution and By-laws. It shall be final judge of the qualifications and election of officers and Association Representatives. Powers not delegated to the Executive Board, the officers, or other groups in the Association shall be vested in the Representative Assembly.

(*Id.* at 10-11 (emphasis omitted).)

Defendant's position is that, because the Constitution and By-Laws do not explicitly enumerate bringing a lawsuit on behalf of the SCEA as part of the Executive Board's responsibilities, the catch-all provision vesting "[p]owers not delegated to the Executive Board, officers, or other [SCEA] groups" in the Representative Assembly necessitates the conclusion that the Representative Assembly has the power to bring a lawsuit. Examining the text of the Constitution and By-Laws, however, the Court does not agree that the document necessarily leads to such a conclusion. Moreover, the Sixth Circuit has long held that union officials' interpretation of their constitution should not be replaced by a court's interpretation unless the officials' interpretation is unfair or unreasonable. *See Babler v. Futhey*, 618 F.3d 514, 522-23 (6th Cir. 2010) (quoting *Vestal v. Hoffa*, 451 F.2d 706, 709 (6th Cir. 1971)) ("It is well established that courts are reluctant 'to substitute their judgment for that of union officials in the interpretation of the union's constitution, and will interfere only where the official's interpretation is not fair or reasonable.'"); *see also Tucker v. Bieber*, 900 F.2d 973, 976 (6th Cir. 1990) (same); *Millwright Local No. 1079 v. United Bhd. of Carpenters & Joiners*, 878 F.2d 960, 962 (6th Cir. 1989) (same).

The Court does not find Plaintiffs' interpretation of the SCEA's Constitution and By-Laws to be unfair or unreasonable. First, the Constitution and By-Laws do not impose a requirement that all Executive Board powers be *explicitly* enumerated. Moreover, the Executive Board is explicitly given the role of a management body, while the Representative Assembly serves as a legislative and policy-making body. Given the designated responsibilities of the Executive Board—approving expenditures, carrying out and suggesting policies, reporting transactions, and, perhaps most notably, enforcing the SCEA's collective bargaining agreement—and of the Representative Assembly—approving the budget, setting dues, acting on committee reports, approving resolutions and policy statements, adopting procedures relating to membership, and determining the qualifications and serving as final judge of elections—the Court finds it to be an entirely reasonable interpretation that the decision to file a lawsuit lies with the Executive Board rather than with the Representative Assembly.

Defendant has provided no argument as to why such an interpretation is unfair or unreasonable. Rather, Defendant essentially argues that its interpretation is plainly correct, to the exclusion of all other possible interpretations, and thus there is no genuine dispute of material fact.[2] Quite the contrary—there are other interpretations of the Constitution and By-Laws, including the very reasonable interpretation put forth by Plaintiffs. Given Sixth Circuit law, the Court is not in a position to displace that interpretation. In addition, the Court takes note of established case law cautioning employers and courts against interfering in the internal affairs of voluntary associations such as unions. *See NLRB v. Eaton Mfg. Co.*, 175 F.2d 292, 299 (6th Cir. 1949) (citing *In re Alaska Juneau Gold Co.*, 2 N.L.R.B. 125, 142-43 (1936)) ("The [NLRB] itself has held . . . that an employer has no right to pass judgment on what occurs at union

---

[2] Notably, Defendant's Memorandum is only two pages long, and cites to only two cases, both of which are cited only for reference to the summary judgment standard. (*See* Doc. No. 28-2.)

7

meetings nor to inquire into the manner in which labor organizations conduct their internal affairs."); *Original Lawrence Cnty. Farm Org., Inc. v. Tenn. Farm Bureau Fed'n*, 907 S.W.2d 419, 421 (Tenn. Ct. App. 1995) ("Courts will not interfere with the internal affairs of private associations or clubs."); *Moran v. Vincent*, 588 S.W.2d 867, 870 (Tenn. Ct. App. 1979) (citing to *Tenn. Secondary Sch. Athletic Ass'n v. Cox*, 425 S.W.2d 597 (1968) for the proposition that "it is well established that the Courts will not interfere with the internal affairs of voluntary associations, except in cases involving fraud, lack of jurisdiction, or the invasion of property rights").

In short, Defendant has failed to show that there is an absence of a genuine dispute as to any material fact regarding the SCEA's decision to file this lawsuit. Accordingly, Defendant's Motion is hereby **DENIED**.

IV. CONCLUSION

For the abovementioned reasons, Defendant's Motion is **DENIED**.

It is so ORDERED.

Entered this \_\_\_13\_\_\_ day of March, 2012.

JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT